1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11    SAMMY VASQUEZ,                    )    1:11-cv-00018-JLT HC
                                        )
12              Petitioner,             )    FINDINGS AND RECOMMENDATIONS TO
                                        )    SUMMARILY DISMISS PETITION FOR
13        v.                            )    WRIT OF HABEAS CORPUS (Doc. 1)
                                        )
14                                      )    ORDER DIRECTING THAT OBJECTIONS
      K. ALLISON,                       )    BE FILED WITHIN TWENTY DAYS
15                                      )
                Respondent.             )    ORDER DIRECTING CLERK OF COURT
16    _____)    TO ASSIGN DISTRICT JUDGE TO CASE

17

18          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19    pursuant to 28 U.S.C. § 2254.

20          On January 6, 2011, Petitioner filed the instant petition for writ of habeas corpus.  (Doc. 1).

21    Petitioner challenges the California court decisions upholding a January 15, 2009, decision of the

22    California Board of Parole Hearings ("BPH").  Petitioner claims the California courts unreasonably

23    determined that there was some evidence that he posed a current risk of danger to the public if

24    released.

25          I.  Preliminary Screening of the Petition.

26          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

27    if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

28    not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

1   The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any

2   attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4;

3   O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490

4   (9th cir. 1990).  Habeas Rule 2( c) requires that a petition (1) specify all grounds of relief available to

5   the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested.  Notice

6   pleading is not sufficient; rather, the petition must state facts that point to a real possibility of

7   constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at

8   420.  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to

9   summary dismissal.  Hendricks, 908 F.2d at 491.

10          Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a

11   petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

12   respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory

13   Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th

14   Cir.2001).

15          Here, Petitioner alleges that he is an inmate of California Substance Abuse Treatment

16   Facility, Corcoran, California, who is serving a sentence of seventeen years-to-life imposed in the

17   Fresno County Superior Court after Petitioner's conviction of second degree murder plus a weapon

18   enhancement.  (Doc. 1, p. 1).  Petitioner challenges the January 15, 2009 decision of the BPH finding

19   him unsuitable for parole, contending that the BPH's decision was unsupported by "some evidence,"

20   that no "nexus" was established between the offense factors recited by the BPH and Petitioner's

21   current parole risk, and that the continued finding of unsuitability for parole based solely on the

22   unchanging facts of the original offense violate Petitioner's right to due process of law.

23          II.  Failure to State a Claim Cognizable Under Federal Habeas Corpus

24          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

25   1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

26   corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

27   (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586

28   (1997).  The instant petition was filed on January 6,  2011, and thus, it is subject to the provisions of

1   the AEDPA.

2          A.   Substantive Due Process Claims And California's "Some Evidence" Standard

3          Although Petitioner alleges three separate grounds for relief, all are variations on the same

4   theme: i.e., that the BPH repeatedly relies solely upon the immutable facts of the original offense to

5   deny parole even though, Petitioner maintains, those factors no longer correlate to Petitioner's

6   current parole risk.  As discussed below, these claim sound in substantive federal due process and

7   therefore are not cognizable in these proceedings.

8          The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of

9   Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless

10  he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states that the federal courts

11  shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in

12  custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§

13  2254(a)(, 2241( c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); Wilson v.

14  Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); see also, Rule 1 to the Rules Governing Section

15  2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of

16  habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v.

17  Rodriguez, 411 U.S. 475, 484 (1973).  Furthermore, in order to succeed in a petition pursuant to 28

18  U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted

19  in a decision that was contrary to, or involved an unreasonable application of, clearly established

20  Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that

21  was based on an unreasonable determination of the facts in light of the evidence presented in the

22  State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

23          Because California's statutory parole scheme guarantees that prisoners will not be denied

24  parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held

25  that California law creates a liberty interest in parole that may be enforced under the Due Process

26  Clause.  Hayward v. Marshall, 602 F.3d 546, 561-563 (9ᵗʰ Cir.2010); Pearson v. Muntz, 606 F.3d

27  606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), rev'd, Swarthout v.

28  Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  The Ninth Circuit instructed

reviewing federal district courts to determine whether California's application of California's "some

evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light

of the evidence. Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke,

562 U.S.___, ___ S.Ct. ___, 2011 WL 197627 (No. 10-133, Jan. 24, 2011).  In that decision, the

United States Supreme Court concurred with the Ninth Court of Appeals, that California law creates

a liberty interest in parole protected by the Fourteenth Amendment's Due Process Clause, which in

turn requires fair procedures with respect to the liberty interest.  Swarthout, 2011 WL 197627, *2.

However, the procedures required for a parole determination are the minimal requirements

set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct.

2100 (1979).[1]  Swarthout v. Cooke, 2011 WL 197627, *2.  In Swarthout, the Court rejected inmates'

claims that they were denied a liberty interest because there was an absence of "some evidence" to

support the decision to deny parole.  In doing so, the High Court stated as follows:

> There is no right under the Federal Constitution to be conditionally released before the
> expiration of a valid sentence, and the States are under no duty to offer parole to their
> prisoners. (Citation omitted.)  When, however, a State creates a liberty interest, the Due
> Process Clause requires fair procedures for its vindication–and federal courts will review the
> application of those constitutionally required procedures.  In the context of parole, we have
> held that the procedures requires are minimal.  In Greenholtz, we found that a prisoner
> subject to a parole statute similar to California's received adequate process when he was
> allowed an opportunity to be heard and was provided a statement of the reasons why parole
> was denied.  (Citation omitted.)

Swarthout, 2011 WL 197627, *2.  The Court concluded that the petitioners had received the process

to which they were due:

> They were allowed to speak at their parole hearings and to contest the evidence against them,
> were afforded access to their records in advance, and were notified as to the reasons why
> parole was denied...
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into
> whether [the petitioners] received due process.

Swarthout, 2011 WL 197627, *3.  The Court went on to expressly point out that California's "some

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made.  Id. at 15-16.  The decision maker is not required to state the evidence relied upon in coming to the decision.  Id.

evidence" rule is not a substantive federal requirement, and correct application of the State's "some evidence" standard is not required by the federal Due Process Clause. Id. at *3.  The Supreme Court emphasized that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Id.

Swarthout forecloses any claim premised upon California's "some evidence" rule, or, by extension, upon a sufficiency of the evidence argument, because this Court cannot entertain substantive due process claims related to the State's application of its own laws.  Here, all three claims in the instant petition sound in substantive due process and are therefore foreclosed by Swarthout.  Review of the record for "some evidence" or "sufficient evidence" or a "nexus" between various factors and Petitioner's parole risk in order to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254.  Accordingly, those claims should be summarily dismissed.

Moreover, to the extent that any of these claims rest solely on state law, they are not cognizable on federal habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991).  Alleged errors in the application of state law are not cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).  Indeed, federal courts are bound by state court rulings on questions of state law.  Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989).

B.  Claim That The BPH's Practices Convert Petitioner's Sentence To One Without The Possiblity Of Parole

In Ground Three, Petitioner also alleges that the BPH's practice of relying solely upon the facts of the original offense to deny parole effectively converts a life sentence with the possibility of parole to a life sentence without the possibility of parole.  Again, this claim is not cognizable in federal habeas corpus because it is predicated on state law.  To the extent that Petitioner's claim rests on state law, it must be dismissed for the reasons set forth above.  To the extent that Petitioner attempts to argue a violation of the Federal Constitution's Due Process Clause, the preceding

1  analysis applies and the claim is foreclosed by the United States Supreme Court's decision in

2  Swarthout.

3      C.  Procedural Due Process

4      Under Swarthout, the only due process concerns for this Court are procedural.  Here,

5  Petitioner has neither claimed nor established a violation of his federal right to procedural due

6  process.  However, Petitioner has included a transcript of the BPH hearing.  From that transcript, it is

7  clear that Petitioner was present at the BPH hearing on January 15, 2009, that he had an opportunity

8  to be heard, and that he was represented by counsel, who also attended the hearing, and argued on

9  Petitioner's behalf.  (Doc. 1, pp. 122).  Petitioner also received a statement of the Board's reasons for

10 denying  parole.  (Id., pp. 156-159).

11     According to the United States Supreme Court, this is "the beginning and the end of the

12 federal habeas courts' inquiry into whether [the prisoner] received due process."  Swarthout, 2011

13 WL 197627.  "The Constitution does not require more [process]."  Greenholtz, 442 U.S. at 16.

14 Therefore, the instant petition does not present cognizable claims for relief and should be summarily

15 dismissed.

16                **ORDER**

17     For the foregoing reasons, the Court HEREBY DIRECTS the Clerk of the Court to assign

18 this case to a United States District Judge.

19             **RECOMMENDATION**

20     Accordingly, the Court HEREBY RECOMMENDS that the instant petition for writ of

21 habeas corpus (Doc. 1), be SUMMARILY DISMISSED for failure to state a claim upon which

22 federal habeas relief can be granted.

23     This Findings and Recommendation is submitted to the United States District Court Judge

24 assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of

25 the Local Rules of Practice for the United States District Court, Eastern District of California.

26 Within 20 days after being served with a copy, any party may file written objections with the court

27 and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

28 Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within

1   ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will

2   then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

3   advised that failure to file objections within the specified time may waive the right to appeal the

4   District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5

6   IT IS SO ORDERED.

7   Dated:   **February 16, 2011**                         **/s/ Jennifer L. Thurston**

8                                             UNITED STATES MAGISTRATE JUDGE